UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-CR-120 (ADM/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

**MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS**

vs.

DWIGHT FREDERICK BARNES,

        Defendant.

The Defendant, Dwight Frederick Barnes, by and through his attorney, Andrew S. Garvis, moves the Court for an Order directing the government to disclose the identity of any confidential informants, reporting persons, or witnesses pursuant to Fed. R. Crim. P. 16, *United States v. Giglio*, 92 S. Ct. 763 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napu v. Illinois*, 79 S.Ct. 1173 (1959). Defendant respectfully requests the Court to order the government to disclose the following information:

1. The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case. *See Roviaro v. United States,* 77 S.Ct. 623 (1957) (where informant's testimony is "relevant and helpful to the defense of an accused" his identity must be disclosed);

2. Any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information;

1

3. All promises of any other benefit written or oral made to such persons;

4. All promises of immunity, leniency, preferential treatment or other inducements made to such persons as part of this case or any other case in which they have provided information;

5. All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made;

6. Any record of payment of local, state or federal funds made to such persons;

7. All information regarding any such person's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant. *Johnson v. Brewer*, 521 F. 2d 556 (8th Cir. 1983);

8. All evidence of such person's psychiatric treatment, if any, or of any addiction or propensity to use or abuse controlled substances. *United States v. Lindstrom*, 698 F. 2d 1154 (11th Cir. 1983); *United States v. Fowler*, 465 F. 2d 664 (D.C. Cir. 1972).

Disclosure of the confidential informants is relevant and helpful to the defense, is fundamental to the defendant's assertion of his constitutional rights, including the right to due process of law, and is essential to the defendant's ability to receive a fair trial. The standard for disclosure relies on whether disclosure

would be material to the case. *See United States v. Crenshaw*, 359 F.3d 977, 1005 (8th Cir. 2004); *United States v. Roberson*, 439 F.3d 940 (8th Cir. 2006).

The government's case relies on at least three confidential informants. In particular, the confidential informants state generically that the Defendant was involved in a drug conspiracy. Based upon these vagaries, warrants were obtained. The identity of these informants is directly material to the issuance of the search warrants, and as such, should be divulged not just prior to trial if they testify, but prior to the motion hearing.

This motion is based upon the indictment, the records and files in the above-entitled action and any and all other matters which may be presented prior to or at the time of hearing of said motion.

Dated: November 15, 2018                     Respectfully submitted,

                                                                            s/ *Andrew S. Garvis*
Koch & Garvis, LLC
Andrew S. Garvis #257989
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 827-8101
andrew@uptownlawyer.com