UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-120 (ADM/KMM)

United States of America,

        Plaintiff,

**MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF SEARCH AND SEIZURE**

v.

Dwight Frederick Barnes,

        Defendant.

The Defendant, Dwight Frederick Barnes, by and through his attorney, Andrew S. Garvis, respectfully moves the Court pursuant to Rule 12, Federal Rules of Criminal Procedure, to suppress any physical evidence obtained as a result of a search and seizure on the following grounds:

1. That the two search warrants issued for pen register and trap-and-trace on cell phone numbers 615-934-9283 and 507-358-4603 lacked sufficient probable cause for their issuance. The trap-and-trace warrants for the two cell phones were issued without a sufficient showing of probable cause in the supporting affidavit, and were therefore issued in error by the district court. *See United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011) (probable cause exists where there is "fair probability that contraband or evidence of crime will be found in a particular place").

2. Moreover, the trap-and-trace search warrants involving cell phone numbers 615-934-9283 and 507 -358-4603 were insufficiently particular, allowing

1

for generalized searches of historical cell site data. *Carpenter v. United States*, 138 S. Ct. 2206, 2223 (2018) (declining "to grant the state unrestricted access to a wireless carrier's database of physical location information"); *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)); *see also United States v. Nieman*, 520 F.3d 834, 839 (8th Cir. 2008).

3. That the trap-and-trace search warrant for cell phone 507-358-4603 contained stale and misleading information, and omitted other material information, that likely misrepresents to the reader the likelihood of association of the usage of this phone with criminal behavior. *See generally Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010); *United States v. Butler*, 594 F.3d 955 (8th Cir. 2010)).

4. Search Warrants for dfbarnes@gmail.com and lifechangingfinances@gmail.com were not supported by probable cause were insufficiently particular, allowing for generalized searches of historical data. *Carpenter v. United States*, 138 S. Ct. 2206, 2223 (2018) (declining "to grant the state unrestricted access to a wireless carrier's database of physical location information"); *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)); *see also United States v. Nieman*, 520 F.3d 834, 839 (8th Cir. 2008).

5. That Mr. Barnes was illegally arrested and searched without a valid warrant, and that any search of Mr. Barnes was conducted without sufficient probable cause and without exigency, requiring suppression of any evidence obtained from him. *Utah v. Strieff*, 136 S.Ct. 2056 (2016) (evidence is admissible when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so that "the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained"); *see also Segura v. United States*, 468 U.S. 796, 804 (1984) (the exclusionary rule "reaches not only primary evidence obtained as a direct result of an illegal search or seizure . . . but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree.").

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated: November 15, 2018                          Respectfully submitted,

<u>s/ *Andrew S. Garvis*</u>
Koch & Garvis, LLC
Andrew S. Garvis, Att'y #257989
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 827-8101
andrew@uptownlawyer.com