UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-120 (ADM/KMM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DWIGHT FREDERICK BARNES,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and LeeAnn K. Bell, Assistant United States Attorney, hereby submits its response to Defendant's pretrial motions.

## NON-DISPOSITIVE MOTIONS

1. **Motion for Discovery of Expert** (Dkt. 40)

Defendant moves for the disclosure of expert witnesses. The government is fully aware of its obligations under Rule 16(a)(1)(E) and intends on complying fully with the requirements of that rule. The only issue on this matter to be determined by the Court is the timing of such disclosures.

There is no specific timing requirement included in Rule 16(a)(1)(E). Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments. With respect to the issue of timing, the advisory committee's notes provide that "[a]lthough no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Id.

The government respectfully requests that the Court order that all Rule 16(a)(1)(E) disclosures be made no later than seven days before trial. See United States v. Finn, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering government to make Rule 16(a)(1)(E) disclosures as opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. See Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

2. **Motion for Disclosure of Jencks** (Dkt. 41)

The United States objects to this motion. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. Finn v. United States, 919 F. Supp. 1305, 1315 (D. Minn. 1995); see also United States v. Ben M. Hogan Co., 769 F.2d 1293, 1300 (8th Cir. 1985); United States v. White, 750 F.2d 726 (8th Cir. 1984). Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

3. **Motion For Disclosure of Informant** (Dkt. 42).

Defendant has moved the Court to require the disclosure of any informants and to make such individuals available for a pretrial interview.

The United States asserts the informant privilege as to any and all informants used in connection with this investigation. In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court addressed the so-called "informant privilege." "The purpose of the privilege is the furtherance and protection of the public interest in effective law

enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59. The privilege is not absolute and there is no litmus test for determining when disclosure is required. United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003). The most important factor for a court to consider is whether the informant's information is material to the defense. Id. at 764. In circumstances where the informant is an active participant in the conduct charged, the informant's identity is "almost always" material. United States v. Sanchez, 429 F.3d 753, 756 (8th Cir. 2005). On the other hand, if the informant is a mere "tipster," there is generally a strong presumption against disclosure. *United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002).

In order to overcome the Government's privilege, a defendant must establish beyond "mere speculation" that the informant's testimony would be material to the determination of the case. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). To establish materiality, the burden is on a defendant to show that there is a reasonable probability that, if the evidence were disclosed to the defense, the result of the proceeding would be different. Id. at 878.

Here, Defendant has not identified why the informants are material in any way other than to say that they identified Defendant as a drug dealer. Ultimately, using that information and a lot of other information, law enforcement obtained various legal process for information about that phone. At this point, the United States does not know whether any of the informants will be witnesses at trial. When that decision is made, the United

3

States will disclose all required materials. Thus, Defendant has not, and cannot, show materiality. For these reasons, Defendant's motions should be denied.

4. **Motion for Leave To file Later Motions** (Dkt. 44)

Defendant filed what appeared to be a placeholder motion in the event his review of certain data merited the filing of additional motions. All data has either been available for review to counsel since he was engaged to represent Defendant or counsel was provided copies. Thus, at this time, the motion should be denied as moot.

5. **Motion For Discovery** (Dkt. 45).

The United States has already complied with Rule 12(b)(3), 12(h), 16 and 26.6 (in part) and has even made discovery not required by law. However, the United States objects to any discovery order which exceeds the requirements of Rule 16. Rule 16 is the only vehicle for discovery in a criminal case and it has been held consistently that there is no general constitutional right to discovery in a criminal case. See United States v. Bursey, 429 U.S. 545, 559 (1977).

6. **Motion for Disclosure of 404(b) Evidence** (Dkt. 46)

The United States is fully aware of its obligations under Rule 404(b) and intends on fully complying with its obligations. With respect to timing, the Federal Rules of Evidence do not require the immediate disclosure of such evidence. Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case.") The Government intends to produce all such evidence as soon as practicable, and respectfully requests the Court order all 404(b)

4

disclosures be made no later than fourteen days prior to trial and on a continuing basis thereafter.

7.  **Motion to Retain, and to Preserve Rough Notes** (Dkt. 47)

The United States does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes or evidence as related to this case.

However, the United States objects to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. United States v. Redding, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of witness as there was no evidence witness signed, adopted or approved of notes); United States v. Shyres, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as a "statement" of the agent. See United States v. Simtab, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agents' destroyed rough notes of investigations because Jencks Act material when merely represented pieces of information put in writing to refresh memory); United States v. Williams, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

8.  **Motion for Grand Jury Transcripts** (Dkt. 48)

Grand Jury transcripts are not generally discoverable. If a witness testifies at trial, his or her testimony before the Grand Jury, if any, constitutes a statement required to be

5

produced. Fed.R.Crim.P. 26.2(f)(3). However, the production of such statements cannot be compelled prior to trial. See Dennis v. United States, 384 U.S. 855 (1966). To the extent that Defendant bases this request on the Jencks Act, 18 U.S.C. § 3500, that has been addressed in response to the motion for early disclosure of Jencks material. Further, to the extent that the motion is based on Brady v. Maryland, 373 U.S. 83 (1963), the United States is aware of its obligations and has made any required disclosures. Finally, to the extent that this motion is based on an unsupported request that this Court review the work of the Grand Jury, Defendants cite no facts or case law in support of such review. Thus, this motion should be denied.

9. **Motion to Disclose Evidence Favorable to the Defense** (Dkt. 50)

The United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny. The United States has complied, and will continue to comply, fully with Brady, Giglio, and their progeny. The United States objects to the defendants' motions to the extent they go beyond the requirements of Brady, Giglio, and their progeny.

**DISPOSITIVE MOTIONS**

10. **Motion to Suppress Evidence Obtained As A Result of Search and Seizure** (Dkt. 43)

Defendant has filed a generic motion to suppress various items: (1) Search warrants seeking various items related to two cell phone numbers 615-934-9283 and 507-358-4603; (2) Search warrants seeking information from two gmail email addresses, dfbarnes and lifechanging finances; and (3) his arrest. The parties did have a conversation on November

25, 2018, in an attempt to clarify the issues.  Defense counsel indicated he planned to seek time after the hearing to brief the issues to the Court.  This puts the United States in a difficult position.  Without knowing what the issues are with more specificity, the United States cannot determine if any testimony is necessary and asks for leave to re-open the motion hearing depending on what Defendant ultimately files.  Given the lack of specificity in the motion, the United States can only respond that all search warrants were completed with the appropriate legal process, and that in any event the good-faith exception applies.  The United States is still determining whether a witness will be needed at the motion hearing and will alert the Court as soon as that is determined.

      11.     **<u>Motion to Dismiss Indictment For Unreasonable Delay</u>** (Dkt. 49)

Defendant has filed a motion to dismiss the Indictment based on an unreasonable delay in prosecution.

By way of background, Defendant was convicted in 2013 in Federal Court for distribution of heroin and sentenced to 57 months imprisonment followed by 3 years of supervised release.  <u>See</u> <u>United States v. Barnes</u>, 12-269 (JNE/SER).  Defendant was on supervised release on the day of his arrest in this case, October 20, 2017.

The case law cited by Defendant is inapplicable here.  For example, Defendant cites <u>United States v. Gamble</u>, 694 F3ed. Appx. 750 (11th Cir. 2017), but <u>Gamble</u> address double jeopardy following a conviction in State court for the same offense.  Here, although Defendant was charged in State court, he has not been convicted, thus, <u>Gamble</u> has no bearing on this case.  Similarly, Defendant cites <u>United States v. Jackson</u>, 446 F.3d 847 (8th Cir. 2006) which deals with pre-indictment delay that is so extreme and purposeful

that it resulted in "actual and substantial prejudice to the presentation of his defense." Defendant claims no prejudice whatsoever in his motion. Thus, Defendant's motion to suppress should be denied.

12. **<u>Supplemental Motion to Suppress</u>** (Dkt. 51)

Defendant has filed a supplemental motion to suppress a search warrant at Wells Fargo. Other than generically asserting it is without probable cause, Defendant does not specify the basis for his motion. Given the lack of specificity in the motion, the United States can only respond that all searches were completed with the appropriate legal process, and that in any event the good-faith exception applies. Thus, Defendant's motion to suppress should be denied.

Dated: November 27, 2018

Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

*s/ LeeAnn K. Bell*

BY: LEEANN K. BELL
Assistant U.S. Attorney
Attorney ID No. 318334