UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-120 (ADM/KMM)

United States of America,

        Plaintiff,

v.

Dwight Frederick Barnes,

        Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S RESPONSE TO MOTIONS**

The Defendant, Mr. Dwight Frederick Barnes, by and through his attorney, Andrew S. Garvis, responds to the Government's Response to his motions in ECF Docket No. 52 as follows:

**DISCOVERY REQUESTS:**

1. **JENCKS ACT DISCLOSURES**: ECF Docket No. 41: The Government's request for no disclosure of Jencks Act Material sooner than the testimony of the witness is against the standard policy of the District of Minnesota which at a minimum provides that Jencks Act material be provided three (3) business days prior to trial. Although Counsel for Defendant would like disclosure two weeks before trial, at a minimum, disclosure should occur at least three (3) business days prior to trial.

2. **DISCLOSURE OF THE INFORMANTS**: ECF Docket No. 42: The Government asserts "informant privilege" of *Rovario v. United States*, 353 U.S. 53 (1957), and that the Defendant has not shown that an informant's

1

testimony is "material." Counsel for Defendant in his motion noted that at least three "informants" provided information regarding Mr. Barnes and the alleged conspiracy. All of them are material and more likely co-conspirators than confidential informants, requiring their disclosure. *United States v. Faulkner*, 826 F.3d 1139, 1147 (8th Cir. 2016) (disclosure is required where the informant is a material witness). Two "informants" are listed in the "trap-and-trace" warrants for cell phones 615-934-9283 and 507-358-4603. In the warrants, CI (1) allegedly makes a call to 615-934-9283 that is purported to be to a number under the control of "New York" to try to purchase drugs. Both CIs (1 and 2) state that this person named "New York" in the warrants is a major drug dealer and that he drives a Dodge Charger.

In subsequent search warrants and reports, other confidential informants—or really, unindicted co-conspirators—are noted as claiming that "New York" either sold them drugs or was trying to get them to sell drugs for him. These CIs were listed as #2398-021, #2398-022, and #2398-23. These individuals are not "mere tipsters" but those that that provided "evidence related to the charges," warranting disclosure. *Id*.

3. **MOTION FOR LEAVE TO FILE LATER MOTIONS**: ECF Docket No. 44:

Counsel for the United States notes that all data has been either provided to Defendant or available for review and, as such, this motion

should be denied. This case originated in state court, and was prosecuted there for seven months prior to being removed to the federal system in late May 2018. Mr. Barnes was appointed initial counsel, who moved to withdraw in September of 2018. Current Counsel was appointed for Mr. Barnes on September 20, 2018, and at the end of September, was provided a "data dump" of material that consisted of, at a minimum, nine (9) separate warrants and over 1,500 pages of written discovery. These search warrants did not merely consist of searches related to homes or cars, which there were, but consist of bank account records, cell site and geo-location data from email, and extraction reports related to the phone and laptop searches. The Government seized some 20 electronic items, and in mid-November, Defense Counsel was provided a zip drive consisting of the extraction reports of these items. Although being as diligent as possible, I request that I be allowed leave, if necessary, to file additional motions after complete review of the discovery.

As to the argument that all data has been provided, Counsel has requested the following data that has not been provided:

a. All administrative subpoenas related to bank searches;
b. The October 17, 2017 Search Warrant for Wells Fargo Bank signed by Judge Stevens, as noted in Officer Arzola's Supplemental Report Bates-stamped 366; and
c. Further all raw data of the historical GPS location data.

**DISPOSITIVE MOTIONS:**

1. **MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF SEARCH AND SEIZURE:** (ECF Docket No. 43):

    a. **Probable Cause for the Trap-and-Trace Warrants**: Counsel for the United States provided to the Court that, in regard to the issue of probable cause, the "lack of specificity" to the challenge makes it difficult to respond. ECF Docket No. 52 at 7. The parties did speak in regard to the challenges to the search warrants for the trap-and-trace, and Counsel for Mr. Barnes believes that he provided sufficient information concerning the probable-cause issue, but provides the following specifics as to these two search warrants on cell phone numbers 615-934-9283 and 507-358-4603: Both warrants lack sufficient probable cause for their issuance in regard to the fact that the "reliability, veracity, and basis of knowledge" of the confidential informants who provided information to law enforcement was not substantiated. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986); *see also United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013) (holding that the information must be reliable in order for the Court to give it any weight).

    In addition, the trap-and-trace search warrant for cell phone 507-358-4603 contained misleading information, as it omitted material

information that was presented in the 615-area-code warrant that mislead the judge who issued the warrant. *See Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010); *United States v. Butler*, 594 F.3d 955 (8th Cir. 2010)). In particular, both the 615-area-code and 507-area-code warrants were drafted by Officer Kelly McMillian. They are provided to two different judges on different dates, with the 615-area-code warrant being issued 15 days before the 507-area-code warrant. Both warrants are identical in the first three paragraphs. Paragraph 4 of both warrants are substantially identical, however, a major omission is present in the application for the 507-area-code warrant. Officer McMillian omitted the following sentence from the 507 warrant:

**"the CI stated that New York's phone number is 615-934-9283."**

This omission in the 507 warrant makes it appear as if the CI placed a call to "New York" at the (507) number, which is not true, and was a purposeful misstatement.

b. As to the two search warrants for Mr. Barnes's Gmail accounts individually and through his business, dfbarnes@gmail.com and lifechangingfinances@gmail.com, these warrants were not supported by probable cause, and in addition, allowed for generalized indiscriminate searches of historical data. *Carpenter v. United States*, 138 S. Ct. 2206, 2223 (2018) (declining "to grant the state unrestricted access to a

wireless carrier's database of physical location information"); *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)); *see also United States v. Nieman*, 520 F.3d 834, 839 (8th Cir. 2008).

In particular, as there is no evidence that Mr. Barnes actually possessed drugs in this case, or that he was involved in a controlled buy, or that anyone found drugs in his residence, vehicles or storage units, the two Gmail warrants that provided for "all geolocation data and geolocation information are being used to place him at various locations to try and prove he is part of a conspiracy. The warrants, in essence, provide for broad, indiscriminate surveillance of Mr. Barnes's activities from 2014 forward—any place or location that he traveled or spent time.

c. The warrant for fbarnes@gmail.com was not valid, as it was not filed pursuant to MINN. R. CRIM. P. 33.04, which requires the filing of all warrants in court, and its validity is in question because it was not produced for over a year from the date of its alleged issuance.

d. I believe that sufficient discussion has occurred on the issue of Mr. Barnes's arrest and search, and believe that along with testimony that the Government is providing, the Axiom videos regarding the arrest will be played and submitted to the Court.

2. **MOTION TO DISMISS THE INDICMENT:** (ECF Docket No. 49):

Counsel for Mr. Barnes will be submitting argument as it relates to this issue.

Dated: November 30, 2018                Respectfully submitted,

s/ *Andrew S. Garvis*
Andrew S. Garvis, Att'y #257989
Koch & Garvis, LLC
3109 Hennepin Avenue South
Minneapolis, MN 55408
612-827-8101
andrew@uptownlawyer.com
Attorney for Mr. Barnes