# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-120-ADM-KMM-1 |
| Plaintiff, | |
| v. | **ORDER** |
| Dwight Frederick Barnes<br>Defendant. | |

This matter is before the Court on motions for discovery and disclosure filed by the government and Defendant Dwight Frederick Barnes. The Court held a hearing on the Motions on December 4, 2018. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.[1]

### 1. Government's Motion for Discovery (ECF 14)

The government's motion for discovery of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure is **GRANTED**. The defendant shall provide discovery and disclosures as required by the Fed. R. Crim. P. 16.

---

[1] The Court will separately issue a report and recommendation on Mr. Barnes's Motion to Suppress Evidence, Motion to Dismiss Indictment, and Supplemental Motion to Suppress Evidence. (ECF Nos. 43, 49, 51.)

**2. Mr. Barnes's Motion for Expert Discovery (ECF No. 40)**

Mr. Barnes's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial. Any expert disclosures to be made by Mr. Barnes must be completed by **two weeks** before trial.

**3. Mr. Barnes's Motion for Disclosure of Jenks Act Material (ECF No. 41)**

Mr. Barnes's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). However, the government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three working days before trial.

**4. Mr. Barnes's Motion for Disclosure of Confidential Informants (ECF No. 42)**

Mr. Barnes's Motion to disclose the identity of the government's informant and to make that informant available for interview is GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART. The government must disclose the identity of any informant that it decides to call for testimony at trial at least **two weeks** before trial. Mr. Barnes may include in his written submissions to the Court arguments

regarding whether he is entitled to the disclosure of the identity of the confidential informants regardless of whether they are called at trial.

5.  **Mr. Barnes's Motion for Leave to File Additional Motions (ECF No. 44)**

Mr. Barnes's motion for leave to file additional motions is **DENIED WITHOUT PREJUDICE** because it is premature.  Should additional motions become necessary, Mr. Barnes may renew this motion at that time.

6.  **Mr. Barnes's Motion for Discovery (ECF No. 45)**

Mr. Barnes's motion for discovery and inspection is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

7.  **Mr. Barnes's Motion for Disclosure of 404(b) Evidence (ECF No. 46)**

Mr. Barnes's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

8.  **Mr. Barnes's Motion to Retain Rough Notes (ECF No. 47)**

Mr. Barnes's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this paragraph.

9.  **Mr. Barnes's Motion for Disclosure of Grand Jury Transcripts (ECF No. 48)**

Mr. Barnes's motion for disclosure of the grand jury transcripts is **DENIED**. There is a "long established policy that maintains the secrecy of the grand jury

3

proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). A court may authorize disclosure of grand jury transcripts if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *United States v. Daniels*, 232 Fed. App'x 611, 612 (8th Cir. 2007). Such a showing requires the "presentation of specific evidence of prosecutorial overreach." *United States v. Finn*, 919 F. Supp. 1305, 1327 (D. Minn. 1995). Mr. Barnes has failed to make such a showing.

10. **Mr. Barnes's Motion for Disclosure of Favorable Evidence (ECF No. 50)**

Mr. Barnes's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to Mr. Barnes as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to Mr. Barnes.

Date:  December 6, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge