# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                      **ORDER**
                                        Criminal No. 18-120 ADM/KMM

Dwight Frederick Barnes,

    Defendant.

_____

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Andrew S. Garvis, Esq., Koch & Garvis, LLC, Minneapolis, MN, on behalf of Defendant.

Dwight Frederick Barnes, Pro Se.

_____

       This matter is before the undersigned United States District Judge for a ruling on Defendant Dwight Frederick Barnes' ("Barnes") Appeal [Docket No. 73] of Magistrate Judge Katherine M. Menendez's February 12, 2019 Motions Hearing Ruling [Docket No. 70] ("Ruling"). In the Ruling, Judge Menendez orally denied Barnes' Motion to Substitute Counsel [Docket No. 65].

       In reviewing a magistrate judge's non-dispositive ruling, district courts consider "timely objections and modify or set aside any part" of the ruling that is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).

The Eighth Circuit has explained that "[a]ppointment of new counsel is warranted only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney." United States v. Thomas, 760 F.3d 879, 887 (8th Cir. 2014). The Eighth Circuit has further recognized:

> When faced with a motion to appoint substitute counsel, the district court must balance several factors, including the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job. The court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications. The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney. Last minute requests to substitute defense counsel are not favored.

Id. (quoting United States v. Barrow, 287 F.3d 733, 737 (8th Cir. 2002)). After reviewing the transcript of the Hearing, the Court agrees that Barnes' request for a second substitution of counsel should be denied. Judge Menendez considered and weighed Barnes' complaints against the consequences of abandoning Barnes' second counsel. Her decision was not "clearly erroneous or contrary to law." Barnes' appeal provided no basis for overturning Judge Menendez's decision. In fact, Judge Menendez was presented the same information Barnes presents in his appeal. Therefore, Barnes has not offered a basis for substituting the district court's judgment for the magistrate's.

Although Judge Menendez denied Barnes' motion for substitution, she took proactive steps to address Barnes' concerns about access to the Government's evidence. As Judge

Menendez also noted, the issue of whether to substitute counsel or allow Barnes to represent himself is not completely foreclosed and may be reassessed closer to trial if needed.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dwight F. Barnes' Appeal/Objection [Docket No. 73] of Magistrate Judge Katherine M. Menendez's February 12, 2019 Motions Hearing Ruling [Docket No. 70] is **OVERRULED**; and,

2. Magistrate Judge Menendez's February 12, 2019 Ruling is **AFFIRMED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 4, 2019.