## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                    **ORDER**
                                          Criminal No. 18-120 ADM/KMM

Dwight Frederick Barnes,

      Defendant.

___

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Andrew S. Garvis, Esq., Koch & Garvis, LLC, Minneapolis, MN, on behalf of Defendant.

Dwight Frederick Barnes, Pro Se.

___

      This matter is before the undersigned United States District Judge for a ruling on Defendant Dwight Frederick Barnes' ("Barnes") Objections [Docket Nos. 92 and 99][1] to Magistrate Judge Katherine M. Menendez's April 8, 2019 Report & Recommendation ("R&R") [Docket No. 80]. In the R&R, Judge Menendez recommended denying Barnes' motions to suppress evidence obtained during execution of several search warrants and a warrantless arrest [Docket Nos. 43, 51], and deny Barnes' motion to dismiss the Indictment [Docket No. 49]. Also before the Court is Barnes' Pro Se Motion to Dismiss Indictment Pursuant to Rules 16(d)(2)(D) and 12(b)(3)(E) [Docket No. 81], and his Pro Se Amended Motion to Dismiss the Indictment [Docket No. 105].

___

[1] Docket Number 92 was filed by Barnes' counsel, and Docket Number 99 was filed by Barnes pro se.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Judge Menendez's recitation of the factual background of this case is thorough and will not be repeated here, but rather is incorporated by reference. Barnes challenges the validity of several search warrants. Barnes then argues his warrantless arrest was without probable cause. Finally, he seeks dismissal of the Indictment for claimed due process violations. After de novo review, the Court adopts the R&R's findings and conclusions.

First, Barnes argues the police did not have probable cause for two pen register, trap and trace, and tracking warrants. For the second of the two, Barnes also argues that the affidavit for the warrant included serious misstatements rendering the warrant invalid.

The first tracking warrant was for a phone number ending in -9283 (the "-9283 warrant"). Barnes argues the confidential informant statements underlying the -9283 warrant may have been reciprocally corroborative, but the information from those statements was more vague than cases cited by the R&R. Barnes contends the informants' statements, taken together, do not lead to probable cause of illegal activity. In particular, Barnes argues that the R&R's citation to United States v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998) was misapplied to the total circumstances surrounding issuance of the -9283 warrant. The Court disagrees. The police in this case received information from three informants, which was one more corroborating informant than in Fulgham. And, just like in Fulgham, one informant had previously provided

reliable information. Here, the two additional informants provided reciprocally corroborative information and further specific details, including the actual cell phone number of the suspect. The police were permitted to rely on this information because the other information provided by two untested informants aligned with the previously reliable informant. See Fulgham, 143 F.3d at 401; see also United States v. Buchanan, 574 F.3d 554, 562 (8th Cir. 2009) ("Even the corroboration of minor, innocent details can suffice to establish probable cause."). Additionally, the police were not relying on the information from the confidential informants alone. As the R&R makes clear, the police were familiar with Barnes and had independent knowledge of details that corroborated information shared by the informants. The police had established probable cause to track and trace Barnes' -9283 phone number. The R&R also appropriately applied the Leon good faith exception, finding that even had the -9283 warrant been based on insufficient showing of probable cause, the good faith exception would nonetheless preclude suppression. United States v. Leon, 468 U.S. 897, 920 (1984).

Barnes argues that the warrant ending in -4603 (the " -4603 warrant") is flawed because it appears the police copied and pasted much of the language of the -9283 warrant into the -4603 warrant. As explained above, the confidential informants' information coupled with independent police work was sufficient to establish probable cause. Furthermore, Barnes argues that the informant information was stale before issuance of the -4603 warrant. Police were investigating Barnes for ongoing drug trafficking activity; the information relied on to issue the -4603 warrant was not stale. See United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998). Because of the copied and pasted information in the -4603 warrant application, Barnes requests a Franks hearing. Franks v. Delaware, 438 U.S. 154, 171 (1978) (permitting an evidentiary hearing to

3

determine if an affidavit submitted in support of a warrant was submitted in bad faith). As the R&R properly analyzed, if the "defendant has met the threshold showing for a Franks hearing, the court must examine the affidavit with the false information corrected or excised, or the omitted information included." R&R at 14. "The revised warrant is invalid and the fruits of the search must be suppressed if the corrected application fails to establish probable cause." Id. Here, the affidavit provides sufficient probable cause for the issuance of a pen register, trap and trace, and tracking warrant. Of note, the warrant was directed to collecting location and call data, not the content of communications made on the phone. The police requested only the information needed and supported by probable cause and did not inappropriately expand the warrant beyond the basis supported by their investigation. As with the -9283 warrant, the Leon good faith exception would preclude suppression, especially in light of the Franks doctrine.

Barnes also argues that the warrants for his email accounts were overbroad. The Court adopts the analysis of the R&R. Barnes' Objections do not expand or differ substantially from what was presented to Judge Menendez and the Court agrees with the R&R's findings.

Similarly, the R&R thoroughly addresses the procedural deficiencies in the delay in returning the Wells Fargo warrant for Barnes' financial records. After executing the warrant, Federal Rules of Criminal Procedure require the executing officer to "promptly return" the warrant, along with an inventory of items seized, to a designated magistrate judge. The Minnesota Statute Section 626.17 requires "immediate return." The police investigators did not do this. As a remedy, the court may suppress the fruits of the search "if the defendant is prejudiced or if reckless disregard of proper procedure is evident." United States v. Beckmann, 786 F.3d 672, 680 (8th Cir. 2015). Barnes has not shown prejudice or reckless disregard. In his

4

pro se objections, Barnes accuses the government and the magistrate judge of vindictive prosecution and of writing the warrant post hoc. Barnes does not support his accusations with credible evidence. Barnes did not address the issue of prejudice to the preparation of his defense, and the Court agrees with the R&R that no prejudice exists.

Barnes also challenges his warrantless arrest, arguing that officers did not have probable cause to arrest him on October 20, 2017. The Court agrees with the R&R's assessment of the facts known to the police at the time of the arrest. "There is no doubt that the arresting officers had probable cause to believe a criminal offense had been or was being committed." R&R at 21.

Barnes also objects to the federal government indicting him on federal criminal charges when he had been defending against similar allegations in state court. In an amended motion to dismiss, Barnes raises due process arguments of double jeopardy and vindictive prosecution. Under current governing case law, the R&R rightly concludes that Barnes is not facing double jeopardy here, where, before a state conviction, the federal government decides to indict and prosecute a defendant for federal criminal violations. R&R at 23. In this case, because the federal government may appropriately remove a defendant from state criminal proceedings before conviction in order to pursue federal charges, Barnes' vindictive prosecution allegations also lose their potency. Barnes has not shown, in his objections or motions to dismiss, sufficient grounds to support vindictive prosecution.

Barnes also moves to dismiss the Indictment based on the Government's alleged noncompliance with Judge Menendez's March 19, 2019 Order [Docket No. 77] requiring the disclosure of all search warrants in this case. At the time he filed this motion to dismiss he was not aware the Government had submitted copies of search warrants to the Court. See Letter

[Docket No. 84]. Because the motion to dismiss lacks legal and factual support, the motion is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dwight Frederick Barnes' Objections [Docket Nos. 92 & 99] to Magistrate Judge Katherine M. Menendez's April 8, 2019 Report & Recommendation are **OVERRULED**;

2. The Report and Recommendation [Docket No. 80] is **ADOPTED**;

3. Barnes' Motions to Suppress Evidence [Docket Nos. 43 and 51] are **DENIED**; and,

4. Barnes' Motion to Dismiss the Indictment [Docket No. 49], Pro Se Motion to Dismiss the Indictment [Docket No. 81] and Pro Se Amended Motion to Dismiss the Indictment [Docket No. 105] are **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 4, 2019.