# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-120 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| DWIGHT FREDERICK BARNES, | |
| Defendant. | |

Defendant Dwight Frederick Barnes is charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Trial is set to begin January 27, 2020, and a pretrial conference was held January 21, 2020. At the pretrial conference the parties argued various motions in limine. [ECF Nos. 175, 184.] The Court addresses each motion in turn.

## GOVERNMENT'S MOTIONS

### I. Excluding Hearsay

The government requests that the defense be precluded from offering or referring in any way to hearsay statements of the defendant when in the presence of the jury. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. To the extent the government requests that the defense comply with the Federal Rules of

Evidence, including the rules governing hearsay, the motion is **GRANTED** as a correct statement of the law.

## II.     Limiting Cross-Examination Under Rules 608 and 609

The government requests that the defense's cross-examination of any witness regarding prior bad acts or convictions be limited to the matters permitted under Rules 608 and 609 of the Federal Rules of Evidence. Further, the government requests that the defense be precluded from referring to any alleged prior bad acts or convictions of a witness when in the presence of the jury until the Court has determined the propriety of the proposed cross-examination or the admissibility of the proffered evidence. Rules 608 and 609 are considered exceptions to the general inadmissibility of character evidence and permit evidence which bears on the credibility of the testifying witness. *See* Fed. R. Evid. 608, advisory committee notes (1972 proposed rule) (noting the rule serves as an exception); Fed. R. Evid. 609, advisory committee notes (1972 proposed rule) (noting that evidence of criminal conviction may be relevant to credibility). The Court must first determine if the acts are admissible for impeachment purposes. *See* Fed. R. Evid. 104. This is done, to the extent practicable, outside the presence of the jury. Fed. R. Evid. 103. The government requests no specific limitation, and objections to specific cross-examination questions are reserved for trial. Nonetheless, the government's motion is **GRANTED** as a correct statement of the law.

## III. Sequestering Witnesses

The government requests that all witnesses be sequestered except the case agents. The defendant does not oppose the general sequestering of witnesses but objects to excepting the case agents—DEA Agent Kevin Merkling and Rochester Police Investigators Shamus Ryan and Kelly McMillian—from this general rule. He argues they should also be excluded because they may tailor their testimony to be consistent with each other. Rule 615 requires the Court to sequester witnesses upon request but provides several exceptions. Fed. R. Evid. 615. Relevant here, the rule does not authorize excluding "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). The committee notes on the Rule make clear that case agents fall squarely within this exception. Fed. R. Evid. 615, advisory committee notes (1974 enactment). This case has two main issues: the alleged criminal conduct underlying the most recent charge, and the sentence enhancement for a prior conviction under 21 U.S.C. § 851. Investigators Ryan and McMillian were the lead case agents investigating Barnes's most recent alleged criminal conduct and Agent Merkling was the case agent for Barnes's prior conviction. Although the rule refers to "agent" in the singular, courts allow the government to designate multiple case agents when relevant. *See, e.g.*, *United States v. Spencer*, Case No. 18-CR-0114 (WMW/HB), 2019 WL 2367096, at *2 (June 5, 2019) (exempting two case agents from witness sequestering). The Court is satisfied with the government's explanation for its designation of three case

agents and any arguments about tailoring testimony are more properly addressed through specific objections or cross-examination at trial. The government's motion is **GRANTED.**

IV. **Excluding References to Potential Penalty**

The government requests that the defense not refer to the potential penalty if convicted when in the presence of the jury. "[A]ny reference to sentencing [is] improper." *United States v. Fenner*, 600 F.3d 1014, 1023 n. 7 (8th Cir. 2010). The government's request is **GRANTED** as a correct statement of the law.

V. **Precluding the Defendant from Re-litigating Pretrial Motions if He Is *Pro Se*.**

The government requests that in the event the defendant returns to his *pro se* status, he should be precluded from re-litigating issues the Court has already decided. The defendant has decided to represent himself, but he has not attempted to re-litigate any prior orders, so it appears that this request is not ripe.

VI. **Notice of Intent to Impeach**

The government also filed a notice of its intent to impeach Barnes with two prior convictions under Rule 609 if he chooses to testify. [ECF No. 176.] Under this rule, the Court must admit the two convictions if their probative value outweighs their prejudicial effect. Fed. R. Evid. 609(a)(1)(B). The Court considers each conviction in turn.

The first conviction is a federal conviction on November 22, 2013 for distribution of heroin in the District of Minnesota. The government intends to prove this conviction

4

to establish a prior conviction under 21 U.S.C. § 851, which means the conviction is likely admissible as substantive evidence and not limited by Rule 609. *See, e.g., United States v. Valencia*, 61 F.3d 616, 619 (8th Cir. 1995). Because it is an element of the government's case, it is within the scope of proper examination if the defendant chooses the testify. But, the Court may limit certain underlying facts of the conviction under Rule 609. Without more information, the Court declines to decide this issue until the record is more fully developed.

The government has also stated an intent to impeach the defendant with a separate conviction for second degree sale of cocaine in Olmsted County on October 30, 2008. The government did not include this offense in the indictment as a Section 851 enhancement, so it is admissible, if at all, only for impeachment purposes. At the pretrial hearing, Barnes objected on the grounds that he was not convicted of sale of cocaine. The government responded that it would provide the Court with more information about the conviction at trial. The Court declines to decide whether this conviction can be used for impeachment purposes until the record is more fully developed.

**VII. Protective Order for Jencks Act Material**

At the hearing, the government asked the Court to extend the protective order [ECF No. 101] to cover the video and audio recordings that are to be disclosed as Jencks Act materials. The protective order allows the legal defense team for Barnes (e.g., his lawyer) to possess and view the material, but it bars Barnes from physically possessing

the materials. Barnes is now representing himself, making him both the defendant and the legal defense team. As such, the Court cannot extend the protective order as written to the Jencks Act materials. But the Court recognizes the government's concern about publicly disclosing the personally-identifiable information of witnesses and those unrelated to the case, including minors, and finds good cause to limit the dissemination of the Jencks Act materials. As such, the Court orders that all Jencks Act materials may be used by Barnes and his legal defense team solely in connection with the defense of this case, and any appeal, and for no other purpose and in connection with no other proceeding, without further order of this Court.

**DEFENDANT'S MOTIONS**

I. **Excluding Testimony About Uncharged Drug Activity**

The defendant requests that the government refrain from eliciting any testimony about drug activity at a party in Rochester, Minnesota. The government has explained that it does not intend to use evidence about the party in its case-in-chief. Because it appears there will be no testimony about the uncharged drug activity, this request is **DENIED AS MOOT**.

II. **Excluding expert testimony**

The defendant requests that the government's witnesses Minneapolis Police Sgt. John Biederman and DEA Agent Kevin Merkling be precluded from testifying as experts. The government has explained that Agent Merkling is testifying as a fact witness and not

as an expert. Because Agent Merkling is not testifying as an expert, the request to preclude him from testifying is **DENIED AS MOOT.**

Sergeant Biederman is expected to testify as an expert witness about the business aspects of drug trafficking. Under Rule 702 of the Federal Rules of Evidence, a court may admit the testimony of a witness "whose knowledge, skill, training, experience or education will assist a trier of fact in understanding" the issue. *United States v. Robertson*, 387 F.3d 702, 704 (8th Cir. 2004). The Court will admit expert testimony if the testimony is relevant and reliable. Here, the testimony is relevant because "[t]he business of drug trafficking and the modus operandi of drug dealers are matters unfamiliar to jurors." *Id.* The defendant has not challenged Sergeant Biederman's reliability. Subject to the government establishing through testimony that Sergeant Biederman is qualified to offer relevant expert testimony, the defendant's motion to preclude Sergeant Biederman from testifying as an expert is **DENIED.** Specific objections to questions asked of Sergeant Biederman will be handled at trial, and this ruling does not prevent the defendant from objecting to testimony at trial.

**III.   Ordering Disclosure of Confidential Informant**

The defendant requests that the government identify and allow investigation into a confidential informant referenced in search warrants. The government has explained that the Court previously ordered it to provide the relevant information and did so.

Because it appears there is nothing left to disclose, the defendant's request is **DENIED AS MOOT.**

IV. **Requesting Live Testimony of an Expert**

At the hearing, the defendant requested that he be permitted to offer live testimony of an expert witness and relevant exhibits. The Court will not decide the admissibility of a yet unknown witness or exhibits until the record is developed. The request is not yet ripe and does not require a ruling.

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The government's motions in limine [ECF No. 175] are preliminarily GRANTED as outlined in this order;

2. A ruling on the government's notice of intent to impeach [ECF No. 176] is stayed until the record is more fully developed;

3. A protective order for the Jencks Act materials is entered as follows:

> All Jencks Act materials may be used by Mr. Barnes and the legal defense team solely in connection with the defense of this case, and any appeal, and for no other purpose, and in connection with no other proceeding, without further order of this Court;

4. The defendant's motions in limine [ECF No. 184] are preliminarily DENIED as outlined in this order; and

5. A ruling on the defense offering live expert testimony is stayed until the record is more fully developed.

Dated: January 23, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge